■ PONDFIELD ROAD COMPANY, INC., et al., Appellants-Respondents, v. VILLAGE OF BRONXVILLE et al., Respondents-Appellants.— Action for a judgment declaring that amendments, dated May 18, 1953, to article 9 of the Village of Bronxville Building Zone Ordinance, are invalid as confiscatory of plaintiffs' property and as an unreasonable exercise of the police power. The specific provision attacked, but which is to be considered in conjunction with other provisions, limits the floor area in a business building to one and one-half times the area of the lot. Plaintiffs appeal from the judgment entered after trial, insofar as it dismisses the amended complaint and defendants appeal therefrom, insofar as it denies their motion to reopen the trial for the purpose of introducing additional evidence. Judgment unanimously affirmed, without costs. The ordinance under attack sufficiently provides that hardship such as that claimed by plaintiffs may be avoided or mitigated by a special variation. (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221, 226; *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 226.) Such a variation, granted by the local board of appeals, has been confirmed by this court. (See *Matter of Village of Bronxville* v. *Francis*, 1 A D 2d 236.) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [See *post*, p. 958.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK BERGER, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of assault in the third degree, and suspending sentence, from the verdict and from an order denying a motion for a new trial. Judgment unanimously affirmed. No opinion. No separate appeal lies from the verdict or the order denying the motion for a new trial, which have been reviewed on the appeal from the judgment. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS SCHOENFELD, Appellant.— Appeal from an order of the County Court, Nassau County, denying without a hearing, an application in the nature of *coram nobis* to vacate a judgment of said court, rendered on March 11, 1941, convicting appellant of burglary in the third degree and grand larceny in the first degree. The application was made on the grounds that appellant was not represented by counsel at the time the verdict was returned and at the time sentence was imposed, that the names of the jurors were not called and the verdict was not recorded, and that the jury was not polled. Order affirmed. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ LOUISE RICE, Respondent, v. DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant.— Appeal from an order denying appellant's motion to vacate respondent's notice of examination before trial. Order reversed, without costs, and motion granted, without costs. On the call of the calendar, counsel for respondent consented that the order be reversed, without costs, and that the motion be granted, without costs. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ ELEANOR SYVERSEN, Respondent, v. JAC SAFFER et al., Appellants.— In an action to recover payments of $1,500 and $13,500, alleged to have been paid under a contract for the sale of real property, the court, after a trial without a jury, found for plaintiff in the amount of $1,500, with interest. Defendants appeal from the judgment entered thereon. Judgment unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.